IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LUCAS,
Plaintiff,

v.

NEW AVON LLC, a Delaware corporation,
Defendant.

Case No. 1:16CV1127

COMPLAINT  J. BARRETT

JURY TRIAL DEMANDED  M.J. LITKOVITZ

1. Violation of the Federal Telephone Consumer Protection Act (47 U.S.C. § 227, 47 C.F.R. § 64.1200)

2. Violation of the Ohio Telemarketing Act (Ohio Rev. Code § 109.87) and Ohio Telephone Solicitation Act (Ohio Rev. Code § 4719)

3. Violation of the Ohio Consumer Sales Practices Act (Ohio Rev. Code § 1345)

4. Invasion of privacy by unreasonable intrusion

JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims herein pursuant to 47 U.S.C. § 227(b)(3), 47 U.S.C. § 227(c)(5), and Ohio Rev. Code § 2305.01. This venue is appropriate because I received all the telephone messages described in the following paragraphs in Clermont County, Ohio, on a telephone registered to the (513) area code.

1

## FACTS

2. My phone number with area code 513 and ending in 0392 is on the national Do Not Call registry (http://donotcall.gov) and has been since May 7, 2015.

3. At all relevant times, my phone number 513-xxx-0392 was my cellular telephone number.

4. I am charged by my phone service provider for 513-xxx-0392 for each minute of each call and for each text message.

5. New Avon LLC ("Avon") does not have an "established business relationship" with me as that term is defined in 47 U.S.C. § 227(a)(2) and 47 C.F.R. § 64.1200(f)(4) and I have not given Avon express invitation or permission to call me.

6. In 2015, I began receiving telephone calls from 740-652-2866 to my 513-xxx-0392 cell phone. The telephone calls contained a pre-recorded message saying "This is Joann Potts, a national recruiter for Avon" and that she was calling to tell me how I could start a "home-based business" and that she'd "love to tell [me] how Avon can help [me] earn the extra money [I am] looking for" and that I can get started "for just $15". She said that I could get started by going to www.startavon.com.

7. On 8/29/2015, after receiving several of these calls, I got fed up and called back the number 740-652-2866. After listening to an extremely lengthy answering machine outgoing message pitching Avon business opportunities, I finally was able to leave a message on the answering machine in which I said that Avon's messages were going to me in error, that I had not requested information on starting an Avon business, and I said the telephone number at which I was receiving the messages.

8. Nevertheless, I continued to receive telephone solicitations from Avon. I received an SMS text message ("text") from 740-407-2798 to my 0392 cell phone on 9/5/2015 once again

2

soliciting me to start an Avon business for $15. The message said "Avon calling – now is a great time to start your business! I would love to have you on our team. Start today for only $15 at www.startavon.com code JPOTTS. ..."

9. I replied back to the text and referenced my earlier message that I left on the answering machine for 740-652-2866 and made clear that I am the only person at my 0392 cell phone number.

10. On 9/7/2015, I received a text reply from 740-407-2798 saying "Thank you for letting me know. I had this number for a lady Lynn Gordon wanting to sell Avon."

11. Nevertheless, despite the fact that I warned them twice, I continued to receive telephone solicitations from Avon. I received pre-recorded messages from 740-652-2866 to my 0392 cell phone, substantially the same as the message described in ¶ 6, on 9/19, 10/8, 10/20, 12/7, 12/14, and 12/31 of 2015, and 1/14, 1/18, 2/11, and 2/23 of 2016. Many of these messages started with the words "Avon calling!"

12. I also received telephone solicitations from 740-652-2866 to my 0392 cell phone on 1/28/2016 and 4/25/2016 with a different pre-recorded message. In that message, the caller identifies herself as Joann Potts. Ms. Potts did not mention the company Avon in this message, but said that she represented a "leading beauty company" and she was interesting in talking to me about how I could start a home based business. Also, in these two calls, Ms. Potts did not mention the $15 cost. However, it is apparent from all the other calls that she was pitching the same Avon business opportunity that she was pitching in those other calls.

13. I received a text message on 12/18/2015 from 513-833-5148 to my 0392 cell phone soliciting me to sell Avon. The message said "Now is a great time to sell Avon. Check out this video on you tube. Log onto to [sic] www.sellavon.com and use reference code d4150.

3

https://youtu.be/bsKOGqyuZZw. Call or text me with any questions (513)313-3328. Make it a Great Day!! Denice"

14. The website www.sellavon.com is owned by Avon.

15. The website www.sellavon.com stated that one must pay Avon $15 in order to start an Avon business.

16. On 3/7/2016, I called back 740-652-2866 again to leave another message. After listening again to a very lengthy outgoing answering machine message, the answering machine told me that it is full and cannot accept new messages.

17. On 5/17/2016, I received a text from 229-379-4320 to my 0392 cell phone pitching the Avon business opportunity from "Betty with Avon". In light of all the prior calls, it was apparent that it is the same Avon business opportunity that was being pitched in those other calls.

18. On 5/25/2016, I sent a reply text back "There is no Lynn here. I told your company before that I'm the only person at this number & I did not request info from Avon. You do not have my permission to call or text me. Send a copy of your company's written policy for maintaining a do not call list to V Lucas, P.O. Box 272, Amelia, OH 45102."

19. On 7/1/2016, I received yet another text from 229-379-4320 to my 0392 cell phone pitching the Avon business opportunity. In light of all the prior calls, it was apparent that it is the same Avon business opportunity that was being pitched in those other calls.

20. To date, Avon has not sent me a copy of its written policy for maintaining a Do Not Call list, despite the fact that I requested a copy.

21. On information and belief, each call and text was made using an "automatic telephone dialing system" (ATDS) as defined in 47 U.S.C. § 227(a)(1) and the FCC's regulations. (For example, to hold that the calls from Ms. Potts (on behalf of Avon) were not made by an ATDS,

4

one would have to believe that Ms. Potts manually dialed my telephone number, after being explicitly warned twice that she was calling someone who did not request information about Avon, in order to maliciously harass me.)

## CAUSES OF ACTION

### VIOLATION OF THE FEDERAL TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), OHIO TELEMARKETING ACT, AND OHIO TELEPHONE SOLICITATION ACT

22. Each call and text I received described in the preceding telegraphs (except the one on 9/7/2015) was a telephone solicitation. The purpose of those calls and texts was to solicit me to pay $15 in order for me to be able to sell Avon products.

23. Avon willfully violated the Federal Telephone Consumer Protection Act and Ohio Telephone Solicitation Act by the actions described in the proceeding paragraphs. Namely,

- the telephone calls were made to a telephone number assigned to a cellular telephone service using a pre-recorded voice (47 U.S.C. § 227(b)(1)(A)(iii));
- the messages were made to my telephone without my consent (*see* FCC's 2015 TCPA Order (FCC 15-72) ¶ 110 ("consent must be obtained for SMS calls (or 'text messages') to wireless numbers" (footnotes omitted)));
- the calls and texts were made to a cellular phone using an automatic telephone dialing system (47 U.S.C. § 227(b)(1)(A)(iii));
- the calls and texts were made to a number listed on the national Do Not Call registry (47 U.S.C. § 227(c));
- the calls were made by an entity that is not registered as a telemarketer in Ohio (Ohio Rev. Code § 4719.02); and

- Avon does not have a written policy, available on demand, for maintaining a Do Not Call list (47 C.F.R. § 64.1200(d)(1)).

### VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT ("OCSPA")

24. Each message was a solicitation on behalf of Avon to sell me goods, services, and intangibles (such as Avon's permission to call myself an authorized "Avon" salesperson) for purposes that are primarily household or family in nature. Namely, the solicitation was to sell me goods, services, and intangibles for the purpose of starting a business based from my household to "earn the extra cash" for my family or household. Each message is a "consumer transaction" under Ohio Rev. Code § 1345.01.

25. Avon was the "supplier" of the "consumer transaction" under Ohio Rev. Code § 1345.01.

26. Each call and text was an unfair act or practice under Ohio Rev. Code § 1345.02(A). Each call and text contained at least two distinct violations of the OCSPA:

   a. The calls and texts were made by an entity that is not registered as a telemarketer under Ohio Rev. Code § 4719.02

   b. The telephone calls and texts were made to a number on the national Do Not Call registry, using an automatic telephone dialing system and/or a prerecorded voice, after I warned Avon that I did not request information from them on starting an Avon business and that they were calling me in error, thereby violating 16 C.F.R. § 310.4(b).

27. The text messages on 12/18/2015, 5/17/2016, and 7/1/2016 contain an additional violation of the OCSPA because the salesperson who initiated the message did not provide her full name.

*See Charvat v. Continental Mortgage Services*, Ohio Public Inspection File ("PIF") No. 10001882 (Cuy. C.C.P. No. 99CVH12-10225).

28. The calls on 1/28/2016 and 4/25/2016 contain an additional violation of the OCSPA because the caller did not state at the beginning of the call that the purpose of the call was to make a sale (thereby violating Ohio Admin. Code § 109:4-3-11, 16 C.F.R. § 310.4(d)(2)).

29. Avon committed an additional violation of the OCSPA by failing to promptly mail me a copy of its Do Not Call policy after I demanded a copy. *Charvat v. Continental Mortgage Services.*

## INVASION OF PRIVACY

30. The persistent, unwanted telephone calls made by, or on behalf of, Avon as described herein invaded my right to privacy by unreasonable intrusion into the solitude and seclusion of his home.

## LIABILITY OF AVON FOR ACTIONS OF ITS EMPLOYEES AND AGENTS

31. Each call or text was initiated by, or on behalf of, Avon.

32. Each person initiating the calls and texts was an employee or agent of Avon, and was acting within the scope of his or her authority as employee or agent.

33. An internet search for "joann potts avon" led me to https://jpotts.avonrepresentative.com

34. The internet site jpotts.avonrepresentative.com is owned by Avon and is copyrighted by Avon.

35. The information at jpotts.avonrepresentative.com would lead a reasonable person to believe that Joann Potts is an employee or agent of Avon.

36. Based on the manifestations of Avon, I reasonably inferred that Joann Potts is an employee or agent of Avon, and was acting within the scope of her authority as employee or agent during each call and text initiated by her.

37. Each caller obtained my phone number from a sales lead database owned by Avon. (In this document, the term "caller" also includes a person who sends a text message.)

38. Avon gave each person that called me its permission to hold herself out as a representative of Avon.

39. Based on the fact that each caller was calling or texting on behalf of Avon and obtained my phone number from a database owned by Avon, I reasonably inferred that each caller was an employee or agent of Avon.

40. Avon failed to provide a method for persons to remove their telephone number from Avon's sales lead database if the number was put in the database in error.

41. Alternatively, in the event that such a method existed, Avon failed to give conspicuous notice of what that method is.

42. The messages sent to me by, or on behalf of, Avon did not provide a procedure for removing my telephone number from Avon's calling list.

43. On information and belief, Avon failed to provide adequate training to its employees and agents engaged in telemarketing regarding what to do when someone informs the employee or agent that he is receiving unwanted solicitation messages, and failed to adequately train those employees and agents regarding how to remove a telephone number from Avon's sales lead database under such circumstances.

44. Avon did not obtain prior express written permission prior to initiating (either directly or through their agents) calls or texts that constitute telemarketing using a pre-recorded voice or an automatic telephone dialing system.

45. Avon is also liable because it failed to adequately supervise or otherwise control the actions of its employees or agents engaged in telemarketing.

46. Avon is also liable because it delegated to the callers its duty to use due care to protect my right to privacy under telemarketing law and the callers failed to perform that duty.

## CIRCUMSTANCES WHICH JUSTIFY TREBLE AND PUNITIVE DAMAGES

47. Avon and its agents continued to call despite the repeated warnings that I had not requested information from Avon and that they were calling me in error. Because of my repeated warnings, Avon and its agents knew that they did not have my permission to call me. However, they kept calling to solicit me. Avon therefore knowingly violated the TCPA and OCSPA during each of their calls and texts described in this complaint. Avon also willfully violated the TCPA and OCSPA; each call or text by, or on behalf of, Avon was intentional. Avon performed these actions with reckless disregard of my rights, and hence the actions demonstrate malice.

WHEREFORE, the Plaintiff asks that the Court grant him all the following relief:

1. Award the Plaintiff $1500 for each violation of the prohibition under 47 U.S.C. § 227(b) against the use of an automatic telephone dialing system, $1500 for each violation of the prohibition under 47 U.S.C. § 227(b) against the use of a pre-recorded message, $1500 for each call which violated 47 U.S.C. § 227(c), and $200 for each violation of Ohio Rev.

Code § 1345.02. See 47 U.S.C. § 227(b)(3), § 227(c)(5), Ohio Rev. Code § 1345.09(B), and *Charvat v. NMP, LLC*, 656 F. 3d 440, 448-452 (6th Cir 2011). There were sixteen calls or texts in total and each contains a violation of § 227 (c) and the ATDS provision of § 227(b) and two violations of the OCSPA. Twelve calls also contain a violation of the pre-recorded message provision of § 227(b). Five calls or texts contain an additional violation of the OCSPA. There was one additional OCSPA violation for failing to provide a written copy of Avon's Do Not Call policy. Therefore, in total, Avon owes me $73,600. (16 x $3400 + 12 x $1500 + 6 x $200)

2. Award the Plaintiff costs, attorney fees, and interest.

3. Issue a permanent injunction prohibiting the Defendant from violating 47 U.S.C. § 227, Ohio Rev. Code § 4719, or Ohio Rev. Code § 1345.

4. Such further relief as may be appropriate.

Respectfully submitted,

/s/ Vincent Lucas

Vincent Lucas
P.O. Box 272
Amelia, OH 45102
(513) 947-1695
vincentlucaslegal@gmail.com
Plaintiff